In the Matter of the Probate of the Last Will and Testament of William G. Pfeifle, Deceased. John H. Pfeifle, Ernest A. Pfeifle and Albert A. Pfeifle, Contestants, Appellants; Oscar Will, Proponent, Respondent.— Appeal by contestants from a decree of the Sullivan County Surrogate's Court entered July 31, 1935, adjudging the instrument bearing date the 10th day of July, 1934, to be the last will and testament of William G. Pfeifle, deceased, and admitting the same to probate, and setting aside a verdict of a jury that the decedent was not, at the time of the execution of said will, of sound and disposing mind and memory and possessed of testamentary capacity. William G. Pfeifle died on August 28, 1934, leaving an instrument dated July 10, 1934, purporting to be his last will and testament. He left him surviving no widow or descendants and three brothers as his only distributees. The will makes nominal bequests to each of two brothers and a niece, bequeaths $1,000 for a monument for himself, father and mother, and $1,000 for the perpetual care of their graves, gives a farm of substantial worth to the remaining brother and the residue of his estate to Oscar Will and Florence Will, his wife, with whom he lived and for whom he worked. Oscar Will is named as executor and offered the will for probate. Objections were filed by the three brothers and a jury trial demanded. This trial was had in the Surrogate's Court and the following question was submitted to the jury: " Was the said William G. Pfeifle, at the time of the execution of the paper offered for probate, of sound and disposing mind and memory, and possessed of testamentary capacity?" The jury answered the question in the negative and the surrogate thereupon set aside the verdict of the jury as inconsistent, against the evidence and the weight of the evidence and contrary to law, and directed that a decree be entered admitting the will to probate. The contestants appeal. The verdict was against the weight of the evidence and the surrogate properly set it aside. He should have granted a new trial as an issue of fact was presented. Decree affirmed in so far as it sets aside the verdict of the jury and allows costs and disbursements to the proponent, and reversed in all other respects and new trial granted and matter remitted to the Surrogate's Court for such new trial, with costs to the pro-

ponent in this court and as heretofore allowed in the court below, payable out of the estate, and one bill of costs to the contestants in this court payable out of the estate. Hill, P. J., McNamee, Crapser and Bliss, JJ., concur; Heffernan, J., dissents, with a memorandum. Heffernan, J. I dissent from the decision about to be made and vote to affirm the decree of the surrogate. The will in question was drafted by a competent lawyer and executed in compliance with the forms of law, and there is no credible evidence in this record which would warrant a jury in reaching the conclusion that the testator lacked testamentary capacity. The verdict of the jury is not only against the great weight of the evidence but it is not supported by any reliable testimony. Because of that I see no reason to direct a retrial. In this case the surrogate might well have directed a verdict sustaining the will. We have all the powers of the surrogate to pass upon questions of fact. It seems to me that the surrogate arrived at a correct conclusion, and the jury's verdict was evidently the result of bias, prejudice and passion.